UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE BOARD OF EDUCATION OF THE COUNTY OF NICHOLAS,

Plaintiff,

v. Civil Action No. 2:09-01318

H. A., a minor,
MONICA A., parent of H. A.,

Defendants,

MEMORANDUM OPINION AND ORDER

Pending is Monica A.'s motion to dismiss and, in the alternative, to remand this action, filed February 5, 2010.

## I. Statement of Facts

Plaintiff, the Board of Education of the County of Nicholas ("the Board"), is a West Virginia statutory corporation, organized and operated pursuant to W. Va. Code § 18-5-1, et seq. (Compl. ¶ 2). Defendant Monica A. is the parent of defendant H.A. (Mot. to Dismiss 2). Monica A. is a single parent of three children. (Id.). Both defendants reside in Nicholas County. (Compl. ¶ 3). At the time the complaint was filed, H.A. was a student in the third grade at Panther Creek Elementary School, a

rural school in Nicholas County, West Virginia. (Id. at ¶ 5). H.A. has been identified as a child with disabilities within the meaning of the Individuals with Disabilities Education Improvement Act of 2004, 20 U.S.C. § 1400, et seq. ("IDEA"). (Id. at ¶ 4).

The IDEA was designed to provide free appropriate educational services to children with learning disabilities. Id. at § 1400. Congress intended for the IDEA to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs. . .." Id. at § 1400(d)(1)(A). In order to receive federal funding under the IDEA, states are required to provide all children with disabilities a free appropriate public education. Id. at §§ 1400(c), 1412(a)(1). The IDEA creates a system of administrative proceedings in order "to ensure that children with disabilities and their parents are guaranteed procedural safeguard with respect to the provision of a free appropriate public education." Id. § 1415(a).

Parents asserting a violation of the IDEA's terms must first file a complaint setting forth the alleged violation. Id. at 1415(b)(6). After a complaint is filed, the parties are

entitled to an impartial due process hearing to be "conducted by the State educational agency or by the local educational agency, as determined by State law or by the State educational agency." Id. at § 1415(f)(1)(A); see MM ex rel. DM v. School Dist. of Greenville County, 303 F.3d 523, 535 (4th Cir. 2002). If the due process hearing is conducted by the state educational agency, any aggrieved party may appeal the due process hearing officer's findings and decisions by bringing a civil action in state or federal court. Id. at § 1415(i)(2)(A). In West Virginia, due process hearings under the IDEA are conducted by impartial due process hearing officers contracted by the West Virginia Department of Education. W. Va. Code. R. § 126-16-App. A. Accordingly, parties in West Virginia may appeal directly to state or federal court. Id.; 20 U.S.C. § 1415(i)(2)(A).

On July 14, 2009, Monica A. filed a due process complaint against the Board, pursuant to 20 U.S.C. § 1415, claiming that the Board failed to offer H.A. a free appropriate public education. (Id. at ¶ 6). By decision dated October 22, 2009, the due process hearing officer issued a decision requiring the Board to pay for an independent comprehensive psycho-educational evaluation, including a behavior assessment and social skills component, of H.A. by a licensed clinical or school

psychologist or psychiatrist chosen by Monica A.; to pay for an independent speech/language/communication evaluation of H.A. performed by a licensed speech pathologist chosen by Monica A.; and to provide H.A. two hours per week of compensatory education and related services in the areas of social/communication/behavior needs for a period of eleven months in addition to the original fifteen months which were ordered by a prior hearing officer decision. (Id. at ¶ 7).

The Board filed this action on December 8, 2009, to contest the findings made by the due process hearing officer under the IDEA. The Board contends that the due process hearing officer's conclusions were erroneous for numerous reasons and requests that this court review the record of the administrative proceedings and enter judgment in favor of the Board.[1] (Id. at ¶ 25(1)-(2)). The Board seeks an order "reversing the decision of the administrative hearing officer and ordering that H.A. does not need further evaluation or compensatory education in the areas of social/communication/behavior needs, and that [H.A.]'s

[1] The Board's complaint alleges numerous errors in the hearing officer's judgment. Inasmuch as the defendants' motion to remand or dismiss does not address the merits of the hearing officer's decision, the court need not recite the Board's allegations of error here.

[individualized education program] be implemented in accordance with [the Board's] proposed program." (Id. at ¶ 25(3)).

Monica A., acting pro se, has moved to dismiss, or in the alternative, to remand this action. She contends that this matter should be dismissed as frivolous inasmuch as there have been two hearings at the due process level addressing whether the Board denied H.A. free appropriate public education by denying her social, behavioral, and communication needs and both due process hearing officers found in favor of H.A. (Mot. to Dismiss 2). Monica A. asserts that the Board lost its case at the administrative level twice and "at this point they are just trying to be a bully and place a hardship on the mother of H.A." (Id. at 3). She further contends that the Board made only the "feeblest of attempts" to prove its case during the administrative hearings and has wrongfully asserted the proper burden of proof in the matter. (Id. at 1). In the event that the Board's claims are not dismissed, Monica A. suggests that remanding the case is proper in order to "remove the unfair advantage that is held by the Board in Federal Court" because she has only been able to find an attorney willing to represent her in state court. (Id. at 2).

II.

While Monica A. frames her motion as a motion to dismiss and, alternatively, as a motion to remand, the court addresses first the motion to remand. In order to consider the motion to dismiss, the court must first determine whether it has subject matter jurisdiction over the action.

A. Motion to Remand

The Board brought this action under the provisions of the IDEA. The IDEA contains an express grant of federal subject matter jurisdiction. It provides that "any party aggrieved by the findings and decision" made by the due process hearing officer "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(a). Accordingly, this court has subject matter jurisdiction over the Board's claims brought under the IDEA.[2]

[2] The court notes that it would not have federal subject matter jurisdiction over IDEA claims brought by a plaintiff who

B. Motion to Dismiss

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted . . . ." Fed. R. Civ. P. 12(b)(6).

The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 562-63)); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Additionally, the showing of an "entitlement to relief" amounts to "more than labels and conclusions . . . ." Twombly, 550 U.S. at 555. It is now settled that "a formulaic recitation of the elements of a cause of action will not do." Id.; Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)(noting the opening

---

failed to exhaust the administrative remedies under the IDEA. However, there is no allegation by the defendants that the Board failed to do so here.

pleading "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed -me accusation."); Giarratano v. Johnson, 521 F.3d 298, 304 (4th Cir. 2008).

As noted in Iqbal, the Supreme Court has consistently interpreted the Rule 12(b)(6) standard to require a district court to "'accept as true all of the factual allegations contained in the complaint . . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555); see also South Carolina Dept. of Health and Environmental Control v. Commerce and Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court is additionally required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

After reviewing the complaint, the court finds that the Board has sufficiently pled a cause of action against the defendants. As noted above with regard to the motion to remand, the IDEA provides federal subject matter jurisdiction over the Board's claims. While Monica A. challenges the subjective motivation of the Board in bringing this action, she nowhere demonstrates that the plaintiff has failed to state a claim upon

which relief may be granted. The Board has provided numerous objections to the decision and, taking all reasonable inferences in the plaintiff's favor, has stated a claim upon which relief may be granted. Inasmuch as Monica A.'s contentions regarding the actions of the Board at the administrative hearing are questions of fact, they do not support dismissal of the Board's claims for failure to state a claim. Accordingly, Monica A.'s motion to dismiss is denied.

III.

Based on the foregoing, it is ORDERED that Monica A.'s motion to dismiss and, in the alternative, to remand be, and hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record and any unrepresented parties.

DATED: June 15, 2010

John T. Copenhaver, Jr.
United States District Judge